Raymond J. Bedgood v. Commissioner.
Bedgood v. Commissioner
Docket No. 50692.
United States Tax Court
T.C. Memo 1955-166; 1955 Tax Ct. Memo LEXIS 173; 14 T.C.M. (CCH) 636; T.C.M. (RIA) 55166; June 24, 1955
*173 JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent has determined deficiencies in petitioner's income tax and penalties as follows: Sec.
Sec. 294
Sec. 294
293(b)
(d)(1)(A)
(d)(2)
Year
Deficiency
Penalty
Penalty
Penalty
1946
$ 3,458.34
$ 2,434.24
$536.84
1947
40,245.36
20,122.68
$2,518.49
Petitioner did not appear when this proceeding was called for trial after due notice. The respondent's motion for judgment as to the deficiencies and the additions to the deficiencies was granted because petitioner failed to prove error in the respondent's determinations. The respondent then introduced evidence in support of his burden of proof as to the fraud issue. Findings of Fact Petitioner, a resident of Savannah, Georgia, in 1946 and 1947, filed his income tax returns for these years with the collector of internal revenue for the district of Georgia. Petitioner operated a used car business in Savannah. When petitioner was first approached with respect to the investigation of his income tax returns and his business activities for 1946 and 1947, he refused to submit any books and records on the ground *174 that the information contained in his books and records would tend to incriminate him. During the year 1946 petitioner did not maintain any books and records. Petitioner's business profits in 1946 were $18,902.03; this was computed by an analysis of his bank deposits and by adding to these deposits known receipts which were not deposited. No evidence of any loan to the petitioner in 1946 was found. Petitioner's gross receipts for 1946 were $68,047.03. Of these gross receipts at least $2,903 were receipts from sales in violation of regulations of the Office of Price Administration, and not reported on petitioner's income tax return. The adjusted gross income reported on petitioner's 1946 return was $4,500. During 1948 petitioner incurred losses in the operation of his business resulting in a net operating loss carry-back to 1946 in the amount of $3,119.08. During the first five months of 1947 petitioner did not maintain any books and records. His net income as determined by the respondent for 1947 was $75,087.72. This represented an increase over reported income of $63,528.48. This increase arose from an understatement of petitioner's business profits, and the disallowance *175 of an alimony deduction of $1,000. The net income disclosed on petitioner's 1947 return was $11,559.24. Petitioner's profit from the business for the first five months of 1947 was computed by an analysis of bank deposits. To arrive at gross sales for this period total deposits were reduced by loans to petitioner, transfer of funds between accounts, exchange of funds, and customer refunds. Respondent also made adjustments in petitioner's expense and inventory accounts. Petitioner's gross sales for 1947 were understated in the amount of $15,055.75. Petitioner's purchases for 1947 were overstated in the amount of $16,905. Some $12,000 of the overstatement of purchases for 1947 was represented by checks payable to cash or to the petitioner. The deficiencies in income tax for 1946 and 1947 and the additions to tax under section 294(d)(1)(A) and 294(d)(2) of the 1939 Code, as determined by the respondent in the deficiency notice, are proper. Part of the deficiencies for 1946 and 1947 was due to fraud with intent to evade tax under section 293(b). Opinion Petitioner by his failure to appear completely failed to meet the burden of proof required to show error in respondent's determination. *176 Therefore, respondent's deficiency determinations and the additions to the deficiencies under section 294(d)(1)(A) and 294(d)(2) must be sustained. As to the fraud issue, respondent proved that part of the deficiencies was due to fraud with intent to evade tax. Therefore, the respondent also is sustained as to the fraud penalty. Decision will be entered for the respondent.